IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN DOUGLAS BIG EAGLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-342-R |
| | ) | |
| JOHN WHETSEL, DAKESHA CARTER, and | ) | |
| JERRY CHILDS, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner appearing *pro se* and *in forma pauperis*, has filed this action under 42 U.S.C. § 1983 alleging a violation of his constitutional rights. United States District Judge David L. Russell has referred the case to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Three motions are pending before this Court. Defendants Carter and Childs have filed a joint Motion to Dismiss (ECF No. 18), Plaintiff has filed a Motion for Discovery, seeking an order requiring the defendants to produce all his medical records to this Court (ECF No. 20), and Defendant Whetsel has filed a separate Motion to Dismiss. (ECF No. 22).

Because Plaintiff's request for declaratory and injunctive relief was mooted by his transfer to another correctional facility, it is recommended that the motions to dismiss of Defendants Carter, Childs and Whetsel be **GRANTED**, and that this case be **DISMISSED** for lack of jurisdiction. It is further recommended that Plaintiff's motion for discovery be **DENIED** as moot.

**BACKGROUND**

Plaintiff filed this action while he was incarcerated in the Oklahoma County Detention Center, ("OCDC"). Defendant Whetsel is the Sheriff of Oklahoma County. Plaintiff identifies Defendant Carter as the Administrator of Armor Correctional Health, Inc., a company which provides contract medical services to inmates incarcerated in OCDC. Plaintiff identifies Defendant Childs as the attending physician at the OCDC.

Plaintiff has several ongoing medical problems including chronic obstructive pulmonary disease, ("COPD"), high blood pressure and seizure disorder. Plaintiff contends that Dr. Childs refused to provide him with the medication for COPD that he had been taking at the time of his arrest. Plaintiff states his COPD worsened while he was incarcerated at OCDC because he was not prescribed the appropriate medications. Plaintiff contends that he offered to pay for his own medications and requested that Indian Health Services be allowed to provide his medication. But defendants refused to allow him access to the medication under any circumstances.

Plaintiff does not seek monetary relief. Rather, he seeks what amounts to declaratory and prospective injunctive relief. He would have this Court order the defendants to transport him to his pulmonologist and to thereafter follow the treatment plan ordered by his pulmonologist.

**ANALYSIS**

When, as here, a favorable judicial decision would not afford a plaintiff relief, and plaintiff's case is not "capable of repetition yet evading review," a federal court has no jurisdiction under Article III to adjudicate the case. *McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999). The Tenth Circuit has held that:

> "Article III's requirement that federal courts adjudicate only cases and controversies necessitates that courts decline to exercise jurisdiction where the award of any requested relief would be moot—i.e., where the controversy is no longer live and ongoing."

*Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1348 (10th Cir. 1994). A claim will be deemed moot unless a "'proper judicial resolution'" settles "'some dispute which affects the behavior of the defendant toward the plaintiff.'" *Id.* (*quoting Hewitt v. Helms*, 482 U.S. 755, 761 (1987)). A plaintiff cannot maintain an action for declaratory and injunctive relief unless he or she can "'demonstrate a good chance of being likewise injured [by the defendant] in the future.'" *Id.* at 1349 (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)) (alteration in original); *see also City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983) ("[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."). As the Supreme Court explained in *O'Shea v. Littleton*, 414 U.S. 488, 495-496 (1974), "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects." Moreover, the narrow capable-of-repetition exception to the mootness doctrine applies only where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party [will] be subject to the same action again. *See Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

On May 15, 2014, Plaintiff filed a Notice of Change of Address indicating that had been transferred to the Mangum-MCWC, a Department of Corrections facility in Mangum, Oklahoma. (ECF No. 13). Plaintiff has failed to demonstrate that there is a reasonable expectation that he will again be subject to the unconstitutional actions of the OCDC defendants. Therefore, Plaintiff's transfer to the Department of Correction's facility in Mangum, Oklahoma, renders moot his requests for declaratory and injunctive relief related to the conditions of his confinement at OCDC. *See Wirsching v. Colorado*, 360 F.3d 1191, 1196 (10th Cir. 2004) (inmate's release from prison moots his claims for declaratory and injunctive relief); *Love v. Summit County*, 776 F.2d 908, 910 n. 4 (10th Cir. 1985) (noting transfer of inmate to different prison renders his § 1983 claim for injunctive relief moot).

## RECOMMENDATION

Because the claims for relief in this action are moot, it is recommended that the Motion to Dismiss of Defendants Carter and Childs (ECF. No. 18) and the Motion to Dismiss of Defendant Whetsel (Doc. No. 22) be **GRANTED** and the case **DISMISSED** without prejudice for lack of jurisdiction. It is further recommended that Plaintiff's Motion for Discovery (ECF. No. 20) be **DENIED** as moot.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **December 15, 2014**. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on November 26, 2014.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE